**UNITED STATES of America**

v.

**WITCO CORPORATION.**

**Civ. A. No. 94–0662.**

United States District Court,
E.D. Pennsylvania.

Sept. 22, 1994.

Brud Rossmann, U.S. Dept. of Justice, Environmental and Natural Resources Div., Jonathan A. Marks, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC for U.S. et al.

Michael R. Lazerwitz, Charles F. Lettow, Christopher G. Smith, Cleary, Gottlieb, Steen & Hamilton, Washington, DC for Witco Corp.

### MEMORANDUM

JOYNER, District Judge.

This case arises under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.A. §§ 9601–75 (1983 & Supp.1994). Defendant Witco Corporation, by its Cross–Motion for Partial Summary Judgment Against the United States, seeks a declaration under 42 U.S.C.A. § 9613(g)(2) of the United States' liability for response costs as an owner, under 42 U.S.C.A. § 9607(a)(2).

Witco's Motion is related to a motion filed by Plaintiff Elf Atochem North America seeking partial summary judgment against the United States in a related case, 92–7458. In the same pleadings addressed here, Witco joins in Elf's Motion and offers additional reasons to the Court to grant partial summary judgment for Elf. In an Order dated September 22, 1994, this Court granted Elf's Motion in part. That Order declared that the United States was liable as an owner under § 9607(a)(2) for response costs associated with three specific waste streams. That Order found genuine issues of material fact as to the other alleged waste streams, and denied partial summary judgment as to them.

The facts of this case are explained more fully in the Order referred to above. Briefly, however, they are as follows. During World War Two, Elf's predecessor in interest leased certain machinery from a United States entity known as the Defense Plant Corporation. This machinery was used to produce the pesticide DDT for the Army and the private market. As a result of the DDT manufacturing, the factory site (the Site) is now contaminated with many organic and nonorganic hazardous substances, including DDT and lead. The United States' Environmental Protection Agency placed the Site on the National Priority List and this litigation arises out of actions for contribution to the clean-up costs.

### 1. Summary Judgment

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

### 2. CERCLA

█ CERCLA makes liable "any person who at the time of disposal of any hazardous substance owned or operated any facility at which time such hazardous substances were disposed ... from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance." 42 U.S.C.A. § 9607(a)(2). CERCLA defines "facility" to include equipment (42 U.S.C.A. § 9601(9)(A)) and gives the word "disposed" the same meaning that it has in the Solid Waste Disposal Act. 42 U.S.C.A. §§ 6901–87 (1983 & Supp.1994). That act defines disposal as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C.A. § 6903(3). Under CERCLA even an owner that does "not have any control over the disposal activity" is still liable for waste disposed of at its facilities. *United States v. A & N Cleaners & Launderers, Inc.*, 788 F.Supp. 1317, 1332 (S.D.N.Y.1992).

█ Whether a party falls within CERCLA's § 9607 can be decided summarily if there are no genuine issues of material fact. Once a finding of liability is made, courts are directed to enter a declaratory judgment on liability for response costs or damages. 42 U.S.C.A. § 9613(g)(2).

### 3. Discussion

Witco asserts that there are no genuine issues of material fact regarding lead con-

tamination at the Site. Witco argues that the pleadings, exhibits, depositions, and other evidence demonstrate that the United States is liable as an owner for the response costs incurred in remediating the Site's contamination due to lead.

Because we find that there is a genuine issue of material fact as to whether lead was disposed of and released at the United States' equipment, we turn only to that issue. The Order entered in 92–7458 offers a thorough analysis of the United States' liability as an owner under CERCLA.

 Witco asserts that the United States' equipment, a "facility" under CERCLA, disposed of and released lead into the environment. Its argument is based on certain schematics of the DDT machinery drafted during World War Two and interpreted in recent depositions by two former employees of the DDT factory. These schematics indicate that certain pipes and other components were made of lead. The schematics also indicate that sulfuric acid passed through some of the lead pipes and other lead components. Because lead is soluble in sulfuric acid, Witco argues that as the sulfuric acid passed through the lead pipes and other components, the acid dissolved the lead and carried the dissolved lead with it to an outdoor waste pond.

The United States vigorously contests Witco's theory[1] and argues that there is no evidence that any of the lead components or pipes were owned by the United States or that any lead was carried into the environment after dissolving in sulfuric acid.

In support of this argument, the United States asserts that the schematics are unreliable because they disagree in places with the testimony of the two former employees who interpreted the schematics at their depositions. It cites the depositions of the two DDT factory employees to show contradictions between the schematics and the employees' memories. The United States also cites the depositions to cast doubt on wheth-

er sulfuric acid ever came in contact with lead components owned by the government.

This is a motion for summary judgment, and accordingly, we must deny the motion if there appears to be an issue of material fact. Taking the United States' contentions as true, there is an issue of material fact as to whether the schematics are correct in depicting the government as the owner of lead pipes and other components. There is also an issue of material fact as to whether lead actually was dissolved by sulfuric acid and released into the environment along with the sulfuric acid.

Because we find genuine issues of material fact regarding the disposal and release of lead into the environment, Witco's Motion for Partial Summary Judgment is DENIED.

---

1. The United States also makes the same arguments it did in its opposition to Elf's Motion for Summary Judgment (No. 92–7458); namely, that it did not dispose of or release hazardous wastes into the environment. This argument is addressed and rejected in the Order granting Elf partial summary judgment in part. Because we deny this motion for summary judgment on other grounds, we do not revisit the arguments of the United States.